IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael W. Wells and Lynda D. Wells,<br><br>    Plaintiffs,<br><br>vs.<br><br>Summit Environmental Services, LLC and<br>Roger W. Dalrymple,<br><br>    Defendants. | C/A No.: 3:25-cv-6616-SAL<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiffs, complaining of Defendants, allege as follows:

## NATURE OF THE ACTION

This is an action for negligence, gross negligence, recklessness, and willful and wanton conduct arising out of a catastrophic motor vehicle collision that occurred on January 28, 2025, resulting in severe personal injuries to Plaintiff Michael W. Wells and consequent loss of consortium to Plaintiff Lynda D. Wells.

## PARTIES AND JURISDICTION

1. Plaintiffs Michael W. Wells and Lynda D. Wells are citizens and residents of Lexington County, South Carolina.

2. Upon information and belief, Defendant Roger W. Dalrymple is a citizen and resident of Ohio.

3. Upon information and belief, Defendant Summit Environmental Services, LLC, is a limited liability company organized under the laws of West Virginia, with its principal place of business in West Virginia, and no member of the LLC is a citizen of South Carolina.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

7. This Court has personal jurisdiction over the Defendants due to Defendant Dalrymple's commission of a tortious act in this State and because Defendant Summit Environmental Services, LLC regularly does business and engages in a persistent course of conduct and derives substantial revenue from services rendered in South Carolina.

## **FACTUAL ALLEGATIONS**

8. On January 28, 2025, at approximately 12:10 p.m., Plaintiff Michael W. Wells was traveling as a front-seat passenger in a vehicle operated by his son, Ryan Wells, southbound on U.S. Highway 321 near its intersection with S-32-441 in Lexington County, South Carolina.

9. At the same time and place, Defendant Roger W. Dalrymple, acting in the course and scope of his employment with Defendant Summit Environmental Services, LLC, was operating a commercial vehicle in the right southbound lane of U.S. Highway 321.

10. Without warning and in violation of multiple safety and traffic regulations, Defendant Dalrymple attempted a sudden left turn from the right lane across the path of the Wells vehicle.

11. The Summit vehicle violently struck the passenger side of the Wells vehicle, causing it to flip airborne multiple times before coming to rest.

12. As a result of the collision, Plaintiff Michael W. Wells suffered severe and permanent injuries including, but not limited to, bodily injury, pain and suffering, mental anguish, loss of enjoyment of life, and medical expenses.

13. Eyewitnesses confirmed that the collision was solely caused by Defendant Dalrymple's improper and reckless maneuver.

14. The South Carolina Traffic Collision Report documented that the roadway was straight, dry, and clear and assigned fault entirely to Defendant Dalrymple.

15. A preliminary review of Summit Environmental Services, LLC's safety record revealed a pattern of violations and deficiencies including prior crashes, excessive out-of-service percentages, and failure to properly train and supervise drivers.

## FIRST CAUSE OF ACTION
**(Negligence and Gross Negligence Against Defendant Dalrymple)**

16. Plaintiffs incorporate all prior paragraphs.

17. Defendant Dalrymple owed a duty to operate the commercial vehicle safely and in compliance with all applicable laws and regulations.

18. Defendant Dalrymple breached these duties by, among other acts and omissions:

   a. Attempting an improper left turn from the right travel lane;

   b. Failing to keep a proper lookout;

   c. Failing to yield the right-of-way;

   d. Driving too fast for conditions; and

   e. Operating a vehicle in a reckless, careless, and grossly negligent manner.

19. As a direct and proximate result, Plaintiff Michael W. Wells sustained the injuries described above.

20. Plaintiff is entitled to recover actual and punitive damages for Defendant Dalrymple's gross negligence, recklessness, and willful and wanton conduct.

## SECOND CAUSE OF ACTION
### (Negligence and Gross Negligence Against Summit Environmental Services, LLC)

21. Plaintiffs incorporate all prior paragraphs.

22. At all relevant times, Defendant Dalrymple was an employee and agent of Defendant Summit Environmental Services, LLC, acting within the course and scope of his employment.

23. Defendant Summit Environmental Services, LLC is vicariously liable for the negligent acts and omissions of Defendant Dalrymple under the doctrines of respondeat superior and agency.

24. Additionally, Defendant Summit Environmental Services, LLC owed duties to the public, including Plaintiffs, to:

   a. Properly train and supervise its drivers;

   b. Ensure compliance with federal and state safety regulations;

   c. Refrain from employing or retaining unsafe drivers; and

   d. Implement policies and procedures to prevent dangerous conduct.

25. Defendant Summit Environmental Services, LLC breached these duties and demonstrated gross negligence by:

   a. Failing to supervise, train, and monitor Defendant Dalrymple;

   b. Allowing him to operate the vehicle despite an inadequate safety record;

   c. Failing to enforce safe driving policies; and

   d. Otherwise failing to exercise reasonable care.

26. As a direct and proximate result, Plaintiff Michael W. Wells sustained injuries and damages as alleged.

27. Plaintiffs are entitled to recover actual and punitive damages from Defendant Summit Environmental Services, LLC.

### THIRD CAUSE OF ACTION
(Loss of Consortium – Plaintiff Lynda D. Wells)

28. Plaintiffs incorporate all prior paragraphs.

29. As a direct and proximate result of the Defendants' negligence and recklessness, Plaintiff Michael W. Wells has suffered severe injuries, which have deprived Plaintiff Lynda D. Wells of the society, companionship, services, and consortium of her husband.

30. Plaintiff Lynda D. Wells is entitled to recover for loss of consortium, including damages for loss of companionship, support, affection, and household services.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants as follows:

1. For actual damages in an amount to be determined by a jury;
2. For punitive damages as permitted by law;
3. For costs and disbursements of this action;
4. For pre-judgment and post-judgment interest; and
5. For such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

**RICHARDSON THOMAS, LLC**

By: *s/ Brady R. Thomas*
Brady R. Thomas, Esq. (FBN: 9623)
brady@richardsonthomas.com
Terry E. Richardson, Jr. (FBN: 3457)
terry@richardsonthomas.com
1513 Hampton Street
Columbia, SC 29201
T: (803) 281-8150

-and-

**TAYLOR LAW FIRM, LLC**
Henry H. Taylor, Esq. (FBN: 4030)
henry@taylorlawsc.com
3227 Sunset Boulevard
Building E, Suite 101
West Columbia, SC 29169
T: (803) 926-2205

ATTORNEYS FOR PLAINTIFFS

Dated: July 1, 2025